**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**



| | |
|---|---|
| MYRON H. MURLEY III<br>3349 Cornell Drive<br>Fayetteville, North Carolina 28306 | |
|     Plaintiff, | Civil Action No. _1:12 cv 715 LO6/TRJ_ |
|     v. | |
| THE DEPARTMENT OF THE ARMY<br>SERVE: Neil H. MacBride<br>United States Attorney<br> for the Eastern District of Virginia<br>2100 Jamieson Ave<br>Alexandria, VA 22314 | |
|     Defendant. | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**COMES NOW** Plaintiff Myron H. Murley, III by and through undersigned counsel and seeks the relief described below.

Mr. Murley brings this action for relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, to order the production of agency records relating to Defense Language Interpretation and Translation Enterprise Force Projection Operations mission area multiple award indefinite delivery, indefinite quantity ("IDIQ") contracts (the "Contracts"), which were awarded by the Department of the Army's Intelligence and Security Command ("INSCOM").

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

2. Plaintiff Myron Murley is the actual requestor of the relevant records sought under the

FOIA request at issue here which agency records that have been improperly withheld.

3. Defendant Department of the Army is an agency of the United States, and has possession

of and control over the records that plaintiff seeks.

4. By letter sent by facsimile and electronic mail on March 8, 2012 to the Freedom of

Information Officer of INSCOM, Plaintiff requested the following records relating to the Contracts.

Specifically Mr. Murley as for the following information:

> [A]ny task order requests for proposals, request for quotes, or statements of
> work (draft or final) for Afghanistan issued by USAINSCOM under the
> Defense Language Interpretation and Translation Enterprise Force Projection
> Operations mission area multiple award IDIQ contracts (USAINSCOM
> contract W911W4-11-D-0003 awarded 1 July 2011 to CACI Premier
> Technology; USAINSCOM contract W911W4-11-D-0008 awarded 1 July
> 2011 to Northrop Grumman Technical Systems; USAINSCOM contract
> W911W4-11-D-0007 awarded 1 July 2011 to Mission Essential Personnel,
> LLC; USAINSCOM contract W911W411D0004 awarded 1 July 2011 to
> Global Linguist Solutions LLC; USAINSCOM contract W911W411D0005
> awarded 1 July 2011 to L-3 Services, INC; and USAINSCOM contract
> W911W4-11-D-0006 awarded 1 July 2011 to Linc Government Services,
> LLC).

5. By letter, dated March 12, 2012, the INSCOM FOIA officer acknowledged that he had,

or could produce these documents, wherein he requested written assurance of Mr. Murley's

willingness to pay for the production.

6. By letter dated April 2, 2012, Mr. Murley provided such written assurance that he would

pay for the production and received confirmation of INSCOM's receipt of said assurance on the

same date.

7. 5 U.S.C. § 552(a)(6)(A)(i) requires an agency to "determine within 20 days…after the

receipt of any such request whether to comply… and shall immediately notify the person making such

request of such determination and the reasons therefore." To date Mr. Murley has not received any written determination from INSCOM.

8. By letter, dated May 24, 2012, following the agency's appeal procedures Mr. Murley appealed the constructive denial of his FOIA request to the appropriate office within INSCOM. Mr. Murley was informed that he would receive a response no later than July 11, 2012. Since said deadline is more than 20 working days after the appeal of the agency's constructive denial of the Plaintiff's request for documents this deadline is not permitted by the statute.

9. 5 U.S.C. § Section 552(a)(6)(C)(i) holds that constructive exhaustion is triggered if an agency does not comply with the twenty working day time limit established by the law. See Pollack v. Dep't. of Justice, 549 F.3d 115 118 (4th Cir. 1995); see also Spannaus v. U.S. Dept. of Justice, 824 F.2d 52 (D.C. Cir.1987)

10. Plaintiff has a statutory right to the records that he seeks, and there is no legal basis for Defendant's refusal to disclose them to him.

**WHEREFORE**, plaintiff prays that this Court:

(1) Declare that defendant's refusal to disclose the records requested by plaintiff is unlawful;

(2) Order defendant to make the requested records available to plaintiff;

(3) Award plaintiff his costs and reasonable attorneys' fees in this action; and

(4) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Date: June 29, 2012                    By: _____

                                      James S. DelSordo, Esq.
                                      VA Bar No. 33940
                                      Argus Legal, LLC
                                      9255 Center St.
                                      Suite 370
                                      Manassas, VA 20110
                                      Telephone: (703) 368-8770
                                      Facsimile:  (703) 368-8772

                                      Attorney for Plaintiff